### 27949. ROBBINS et al. v. CITY OF ROME.

GUNTER, Justice. This appeal comes here from a judgment of the trial court which upheld the validity of a city ordinance against certain constitutional attacks. The city ordinance levied a professional license tax on "all persons who may engage in, prosecute, follow or carry on within the corporate limits of the city, the practice of law."

The plaintiffs-appellants sought to enjoin the collection of the license fee on the ground that the ordinance was too vague and indefinite to be capable of uniform application and enforcement; that the ordinance was void in that the application and enforcement of the ordinance was dependent upon the discretion of an enforcement agent of the city; and that the ordinance was not uniformly applied and the arbitrary enforcement of the ordinance was a denial of equal protection of the laws.

A stipulation of facts was agreed to by the parties and filed with the trial court; the trial court conducted a hearing; and the trial judge then entered written findings of fact and conclusions of law, and he entered a judgment denying the injunctive relief sought.

In his conclusions of law the trial judge referred to a

Georgia statute defining the "practice of law" (Code Ann. § 9-401); he referred to Code Ann. § 92-307 which provides that a city may only levy such a tax "at the place where any such practitioner shall maintain his principal office"; he held that superior court judges, district attorneys, federal judges, and referees in bankruptcy are specifically prohibited from practicing law by various statutes; and he held that banks that give advice to customers in matters incidental to banks or banking through their trust officer employees who are members of the State Bar of Georgia are not engaged in the practice of law.

The trial judge then concluded that when the city ordinance is construed along with the specified statutes alluded to, as it must be, the ordinance is not subject to any of the attacks leveled against it or its enforcement.

We agree with the trial judge and the judgment that he rendered in this case.

*Judgment affirmed. All the Justices concur.*

SUBMITTED MAY 22, 1973 — DECIDED SEPTEMBER 6, 1973.

*Robert J. Evans,* for appellants.
*Robert M. Brinson,* for appellee.